UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
GARY BENNETT, III,

                                 Plaintiff,

- against -

TANIS CONCRETE, INC. and SERGIO R. VALDEZ,

                                 Defendants.
-----------------------------------------------------------X

**STIPULATION TO AMEND COMPLAINT PURSUANT TO FRCP 15(a)(2)**

2:18-cv-10475-SRC-CLW

**IT IS HEREBY STIPULATED AND AGREED** by all parties hereto, through their respective counsel, that the plaintiff may amend his Complaint and file an Amended Complaint in the form annexed hereto as Exhibit A, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

David B. Owens, Esq.
Attorney for Plaintiff
Molod, Spitz & DeSantis, P.C.
Journal Square Plaza, Suite 1005
Jersey City, New Jersey 07306
Ph: (201) 479-0806
Dowens@molodspitz.com

Francis K. Liu, Esq.
Attorney for Defendants
Ahmuty, Demers & Mcmanus
65 Madison Avenue, Suite 400
Morristown, NJ 07960
Ph: 973-984-7313
Francis.liu@admlaw.com

# EXHIBIT A

David B. Owens, Esq.
Molod, Spitz & DeSantis, P.C.
35 Journal Square Plaza, Suite 1005
Jersey City, New Jersey 07306
Ph: (201) 479-0806
Dowens@molodspitz.com
Attorneys for Plaintiff, Gary Bennett, III

Joseph E. O'Connor, Esq., admitted Pro Hac Vice
O'Connor & Partners, PLLC
130 North Front Street, Suite 200
Kingston, New York 12401
Ph: (845) 303-8777
Fax: (845)303-8666
joconnor@onplaw.com
Attorneys for Plaintiff, Gary Bennett, III

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------X
GARY BENNETT, III,

                                Plaintiff,

   - against -

TANIS CONCRETE, INC. and SERGIO R. VALDEZ,

                                Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

**2:18-CV-10475-SRC-CLW**

      Plaintiff, GARY BENNETT, III, by his attorneys David Owens, Esq., of Molod, Spitz & DeSantis, P.C., and Joseph E. O'Connor, Esq., of O'Connor & Partners, PLLC, admitted Pro Hac Vice, for his Amended Complaint, alleges as follows:

1

## JURISDICTION AND VENUE

1. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 in that, upon information and belief, there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue is properly laid pursuant to 28 U.S.C. § 1391 because, upon information and belief, the defendants are residents of the State of New Jersey and because a substantial part of the events or omissions giving rise to the claims occurred in the State of New Jersey.

## THE PARTIES

3. Plaintiff GARY BENNETT, III is a citizen of the State of New York, residing in Westtown, New York.

4. Upon information and belief, the defendant TANIS CONCRETE, INC., (hereinafter "TANIS") is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located in Fair Lawn, New Jersey.

5. Upon information and belief, the defendant SERGIO R. VALDEZ (hereinafter "VALDEZ") is a citizen of the State of New Jersey and resides in the State of New Jersey.

## FACTUAL ALLEGATIONS

6. Upon information and belief, at all times herein mentioned, defendant TANIS was the

2

owner of a cement mixing truck bearing New Jersey license number X82U77.

7. Upon information and belief, the said truck was numbered 148 by the said defendant.

8. Upon information and belief, the vehicle identification number of the said truck was 1M2B210C0YM025757.

9. Upon information and belief, the defendant TANIS purchased the said truck new.

10. Upon information and belief, the defendant TANIS was the owner of the said truck on February 20, 2018.

11. Upon information and belief, from the date that TANIS purchased the said truck to and including February 20, 2018 the defendant TANIS was the only owner of the said truck.

12. Upon information and belief, the defendant TANIS, by its employees, agents, and servants, operated the said truck on a regular and frequent basis from the date that TANIS purchased the truck to and including February 20, 2018.

13. Upon information and belief, the defendant TANIS customarily used the said truck to carry, mix, and deliver liquid concrete.

14. Upon information and belief, from the date that the defendant TANIS purchased the said truck to and including February 20, 2018 the defendant TANIS alone, by its employees, agents, and servants, performed all of the maintenance and servicing of the said truck.

15. Upon information and belief, such maintenance and servicing on or prior to February 20, 2018, was performed by the defendant TANIS, its employees, agents, or servants at a facility operated by the said defendant and located at 17-68 River Road, Fair Lawn, New Jersey.

16. Upon information and belief, such maintenance and servicing included such activities as

3

the defendant TANIS deemed necessary and appropriate to attempt to ensure that the drive shaft and parts related thereto would not become disconnected from the aforesaid truck while it was being driven on public roadways.

17. Upon information and belief, on February 20, 2018 the defendant VALDEZ was employed by the defendant TANIS.

18. Upon information and belief, on February 20, 2018 the defendant VALDEZ was operating the aforesaid truck within the course and scope of his employment by the defendant TANIS.

19. Upon information and belief, on February 20, 2018 the defendant VALDEZ was operating the aforesaid truck with the permission and consent of the defendant TANIS.

20. On February 20, 2018, the plaintiff was the operator of a 2015 Chrysler 2000 automobile bearing New York license number GRN4173.

21. Upon information and belief, on February 20, 2018 Route 80 in the Township of Lodi, County of Bergen, State of New Jersey, was a public roadway.

22. Upon information and belief, on February 20, 2018, the defendant VALDEZ was operating the aforesaid truck and driving it on Route 80 in the Township of Lodi, County of Bergen, State of New Jersey.

23. On February 20, 2018, the plaintiff was operating the aforesaid automobile on Route 80 in the Township of Lodi, County of Bergen, State of New Jersey.

24. Upon information and belief, as the defendant VALDEZ was then and there proceeding, the drive shaft and other parts of the truck became disconnected from the aforesaid truck.

25. Upon information and belief, after the drive shaft had become disconnected from the

4

aforesaid truck on February 20, 2018, a part of the truck that had become disconnected from the truck went through the front driver's side window of the automobile that the plaintiff was driving.

26. Upon information and belief, the part of the drive shaft that went through the driver's side window was and is known as a U-bolt.

27. The U-bolt struck the plaintiff in the face and head.

28. As a result thereof the plaintiff suffered serious injuries, including, but not limited to, one or more depressed skull fractures, brain trauma, complete avulsion of a portion of the soft tissue on the side of his face and scalp, nerve damage, near loss of his left eye, deformity of the face and head, post-traumatic stress disorder, post-traumatic temporomandibular joint arthopathy, post-traumatic trismus secondary to crush injury of the left temporalis muscle body and tendon, internal derangement of the left temporomandibular joint, pre-impact terror, and mental and emotional distress.

## FIRST CLAIM FOR RELIEF AS AGAINST THE DEFENDANT TANIS

29. Upon information and belief, the aforesaid occurrence and resulting injuries to the plaintiff were caused by the negligent acts and omissions of the defendant TANIS, its agents, servants, or employees which were committed on or before February 20, 2018.

30. Upon information and belief, the defendant TANIS was negligent, careless and reckless in the ownership, maintenance, servicing, testing, lubrication, and inspection of the aforesaid truck, and was otherwise negligent, careless and reckless, which caused and permitted the drive shaft and related parts to become disconnected from the truck while it was being operated on public roadway and a part of the drive shaft to strike and injure the

plaintiff, thereby causing him serious injury.

31. By reason of the foregoing, plaintiff sustained severe and permanent personal injuries and was otherwise damaged.

32. Upon information and belief, the plaintiff's claim against the defendant TANIS is not subject to N.J.S.A. §39:6A-8(a).

33. Upon information and belief, under the circumstances of this case, the defendant TANIS is not a party entitled to the exemption from tort liability contained in N.J.S.A. §39:6A-8(a).

34. Upon information and belief, to the extent that N.J.S.A. §39:6A-8(a) applies to the plaintiff's claim against the defendant TANIS the plaintiff has sustained significant disfigurement or scarring, displaced fractures, and a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

## SECOND CLAIM FOR RELIEF AS AGAINST BOTH DEFENDANTS

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein at length.

36. Upon information and belief, the aforesaid occurrence and injuries were caused by the negligent acts and omissions of the defendant VALDEZ which were committed on or prior to February 20, 2018.

37. Upon information and belief, the defendant VALDEZ was negligent, careless and reckless in the operation, management, use and control of the aforesaid truck, failed to properly test, check, and inspect the truck before operating it on the day of the accident and prior thereto, failed to recognize the hazardous condition of the truck on February 20,

6

2018 and, in response, to stop operating the truck on a public roadway, failed to keep the truck under proper control, failed to keep attentive to the condition of the truck as he drove it, and was otherwise negligent, careless and reckless.

38. By reason of the foregoing, plaintiff sustained severe and permanent personal injuries and was otherwise damaged.

39. Upon information and belief, the plaintiff's claim against the defendant VALDEZ is not subject to N.J.S.A. §39:6A-8(a).

40. Upon information and belief, to the extent that N.J.S.A. §39:6A-8(a) applies to the plaintiff's claim against the defendant VALDEZ, the plaintiff has sustained significant disfigurement or scarring, displaced fractures, and a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

41. The defendant TANIS is vicariously liable for the negligent acts and omissions of the defendant VALDEZ because the defendant VALDEZ engaged in such acts and omissions during the course of and within the scope of his employment by the defendant TANIS.

42. The defendant TANIS is liable for the negligent acts and omissions of the defendant VALDEZ because the defendant VALDEZ used, operated and drove the aforesaid truck with the permission and consent of the defendant TANIS.

**WHEREFORE**, plaintiff GARY BENNETT, III, demands judgment against the Defendants TANIS CONCRETE, INC and SERGIO R. VALDEZ for damages in an amount in excess of $150,000 which will compensate him for his non-economic and economic injuries and losses, together with pre-judgment and other interest and the costs and disbursements of this

action.

Dated: October 9, 2018

By: _____
David B. Owens, Esq.
Molod, Spitz & DeSantis, P.C.
35 Journal Square Plaza, Suite 1005
Jersey City, New Jersey 07306
Ph:  (201) 479-0806
Dowens@molodspitz.com

Joseph E. O'Connor, Esq., admitted Pro Hac Vice
O'Connor & Partners, PLLC
130 North Front Street, Suite 200
Kingston, New York  12401
Ph: (845) 303-8777
Fax: (845)303-8666
joconnor@onplaw.com

Attorneys for Plaintiff, Gary Bennett, III

8